1998 OK JUD ETH 5

**JUDICIAL ETHICS OPINION 1998–5.**

No. 1998–5.

Oklahoma Judicial Ethics Advisory Panel.

Decided July 7, 1998.

Filed: July 24, 1998.

■

1998 OK JUD ETH 9

**JUDICIAL ETHICS OPINION 1998–9.**

No. 1998–9.

Oklahoma Judicial Ethics Advisory Panel.

Decided July 21, 1998.

Filed: July 24, 1998.

**QUESTION: One of the requirements of the State Ethics Commission is that**

the candidate and campaign treasurer must sign all contribution and expenditure reports attesting to the accuracy of the information in the report. In many cases, the candidate takes on the role of chairman and/or treasurer of their own campaign.

Does the Code of Judicial Conduct prohibit a judicial candidate from serving as his or her own treasurer?

**WE ANSWER: NO.**

The Code of Judicial Conduct does not specifically prohibit a judicial candidate from serving as chairman or treasurer of this or her own campaign committee. A campaign committee is not mandatory under the Code of Judicial Conduct and is unnecessary if the judicial candidate will not solicit or accept contributions and only use personal funds in the campaign.

A judicial candidate without a committee has severe restrictions. Canon 5(C)(2) prohibits the judicial candidate from personally soliciting campaign contributions, from soliciting public endorsements or support and from using any funds received for private benefit.

A judicial candidate's committee may solicit campaign contributions, may solicit public endorsements and may solicit help in the campaign from other individuals.

The purpose of the Canons is to insulate the judicial candidate from personal contact with financial supporters to avoid the appearance of bias if a contributor has appeared or will later appear in Court before the judicial candidate. The requirement that the judicial candidate and treasurer attest to the accuracy of a Financial Report to the State Ethics Commission tends to compromise the purpose of the provision in the Code.

The model code, Canon 7(B)(2), expresses the intent of the rule by providing that the contributor's names should not be revealed to the candidate, "unless a candidate is required by law to file a list of his campaign contributors ..."

Obviously, a judicial candidate, like every other candidate, must comply with election laws and rules of the State Ethics Commission. Our conclusion is, though not required, as a practical matter, the judicial candidate should form a committee.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary